

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

**FILED**

FEB  9 2010

Phil Lombardi, Clerk
U.S. DISTRICT COURT

| | |
|---|---|
| 1) SOUTHWEST AVIATION SPECIALTIES, L.L.C., 2) JET CAPITAL and 3) MIDWEST AIR EXPRESS, L.L.C., | |
| Plaintiffs, | JURY TRIAL DEMANDED |
| v. | Case No.: |
| 1) UNITED STATES OF AMERICA, 2) DEPARTMENT OF THE NAVY and UNITED STATES MARINE CORPS, 3) CARDINAL AVIATION, INC., 4) CAROLINA CONSTRUCTION CONSULTANTS a dba of 5) THOMAS DAILEY, 6) HCC INSURANCE HOLDINGS, INC. and, 7) U.S. SPECIALTY INSURANCE COMPANY. | Judge.: **10 CV - 089 GKF  TLW** |
| Defendants. | |

## COMPLAINT

**COME NOW**, SOUTHWEST AVIATION SPECIALTIES, L.L.C., (SOUTHWEST), JET CAPITAL, L.L.C., (JET), and MIDWEST AIR EXPRESS, L.L.C., (MIDWEST), collectively Plaintiffs, and for their cause of action against UNITED STATES OF AMERICA, (UNITED STATES), DEPARTMENT OF THE NAVY, (NAVY), UNITED STATES MARINE CORPS, (USMC), CARDINAL AVIATION, L.L.C., (CARDINAL), CAROLINA CONSTRUCTION CONSULTANTS, a dba of THOMAS DAILEY, (DAILEY), HCC INSURANCE HOLDINGS, INC. (HCC), and, U.S. SPECIALTY INSURANCE COMPANY, (U.S. SPECIALTY), collectively Defendants, and state as follows:

1



## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to U.S. Const. art. 3, § 2, cl. 1, and 28 U.S.C. § 1346(b).

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(e)(3) for members of the Plaintiffs reside in and the Plaintiffs' principal places of business are located in this judicial district and there is no real property involved in the action.

## STATEMENT OF FACTS

3. This claim seeks recovery of damages to an aircraft, (AIRCRAFT), and arising from various acts and omission by the Defendants.

4. The AIRCRAFT is a BeechCraft Model C90 King Air, Serial Number LJ-630, Federal Aviation Registration N21SP.

5. MIDWEST, SOUTHWEST and JET are limited liability companies.

6. MIDWEST and SOUTHWEST are owned by a common member. That common member is also a member of JET.

7. On or about October 12, 2007, MIDWEST, as lessor, on behalf of SOUTHWEST, leased the AIRCRAFT, to CARDINAL, the lessee.

8. SOUTHWEST was the record owner of the AIRCRAFT on April 25, 2008.

9. The lease, (LEASE), was a "dry" lease. The LEASE required CARDINAL to maintain the AIRCRAFT, provide insurance, name LESSOR as an additional insured, make monthly lease payments and provided for an option for LESSEE to purchase the AIRCRAFT.

10. The lease term was that of one year.

11. The AIRCRAFT was delivered as is with full disclosure of warranty.

12. CARDINAL was responsible to overseeing the maintenance and inspections.

13. The monthly lease payments were $12,500.00 with various adjustments and penalties as provided in the LEASE.

14. On some unknown date under non-disclosed terms, CARDINAL and/or DAILEY sub-leased the AIRCRAFT to the UNITED STATES, NAVY and USMC.

15. On or about October 30, 2007, HCC, through its subsidiary, U.S. SPECIALTY, issued an insurance policy, POLICY, providing liability and physical, (Hull), coverage on the AIRCRAFT.

16. The POLICY was identified as (GA00159854-00).

17. U.S. SPECIALTIES provided SOUTHWEST with a certificate of insurance naming SOUTHWEST as "PHYSICAL DAMAGE ADDITIONAL INTEREST". Upon receipt of this certificate, SOUTHWEST contacted U.S. SPECIALTY to obtain a clarification of the term for the LEASE required LESSOR be named as an additional insured party and/or payee.

18. U.S. SPECIALTIES represented to SOUTHWEST that the term "PHYSICAL DAMAGE ADDITIONAL INTEREST' was in fact coverage for the benefit of SOUTHWEST as both an additional insured party and loss payee.

19. On or about December 22, 2007, HCC cancelled the POLICY.

20. U.S. SPECIALTY claimed the POLICY was cancelled for non-payment of premium.

21. DAILEY, upon inquiry by SOUTHWEST, after the effective date of cancellation, represented the POLICY was in effect.

22. DAILEY represented to JET CAPITAL that not only was he carrying insurance but that the USMC was also insuring the AIRCRAFT.

3

23. DAILEY'S representation were not true at the times they were made and Plaintiffs assert DAILEY knew his representation were false each time they were made.

24. Neither HCC nor U.S. SPECIALTY disclosed, upon inquiry by SOUTHWEST, cancellation of the policy until May 5, 2008.

25. On or about March 1, 2008, SOUTHWEST sold its interest in the AIRCRAFT to JET.

26. On or about April 25, 2008, the AIRCRAFT was being operated by the UNITED STATES, NAVY and USMC.

27. Operations on that day were being conducted under civilian rules and regulations pursuant to 14 C.F.R. § 91.

28. A landing was being preformed at the Baton Rouge Metropolitan Airport, (identifier "BTR"), Baton Rouge, Louisiana.

29. During the landing phase the AIRCRAFT suffered substantial damage due to the collapse of the right main landing gear.

30. The cause of the landing gear collapse was the result of the improper operation of the AIRCRAFT.

31. No personal injuries occurred as a result of the landing gear collapse.

32. Defendants abandoned the AIRCRAFT on site.

33. Plaintiffs disassembled the AIRCRAFT and transported it to SOUTHWEST'S repair facilities in Tulsa, Oklahoma.

34. The AIRCRAFT continues to undergo repairs at an accumulated expense in excess of $400,000.00 and accruing.

35. Pursuant to the LEASE, Plaintiffs and Defendants CARDINAL and DAILEY agreed to arbitration. The arbitration process is currently in process with a date, time and location being determined.

36. CARDINAL and DAILEY have failed to make payments pursuant to the LEASE and therefore have forfeited any deposits and are subject to late fees as provided in the LEASE.

37. Accrued monthly LEASE payments delinquent pursuant to the LEASE terms are in excess of $87,500.00 plus daily penalties of $150.00 per day and accruing.

38. Plaintiff's claim against UNITED STATES, NAVY and USMC was denied apparently in accordance with 28 U.S.C. § 2675(a).

39. This civil action is timely commenced.

## NEGLIGENCE AND OMISSIONS

40. All preceding facts and allegations are incorporated herein.

41. Each Defendant owed certain duties to the Plaintiffs to act, not act and conduct themselves in reasonable, prudent manners to avoid omissions.

42. Each Defendant breached their duties.

43. Plaintiffs have suffered foreseeable damages as a direct and proximate cause of those breaches of duty.

44. Plaintiffs' damages are in excess of $400,000.00.

## BREACH OF CONTRACT

45. All preceding facts and allegations are incorporated herein.

46. Plaintiffs were either parties to or beneficiary of various agreements between various parties.

47. Defendants have materially breached their agreements between Plaintiffs and one another.

48. Plaintiffs have suffered foreseeable damages as a direct and proximate cause of those material breaches.

49. Plaintiffs' damages are in excess of $400,000.00.

## FRAUD AND DECEIT

50. All preceding facts and allegations are incorporated herein.

51. Defendants CARDINAL and DAILEY made material representations, as stated herein, that they knew or should have known were false at the time they were made.

52. Plaintiffs relied upon those representations.

53. Those representations were in fact false.

54. Plaintiffs have suffered damages as a direct and proximate result of its reliance upon those false representations.

55. Specifically, during the times complained of herein, CARDINAL and DAILEY represented that the AIRCRAFT was insured. It in fact was not.

## SPECIFIC PERFORMANCE FOR ARBITRATION ENFORCEMENT

56. All preceding facts and allegations are incorporated herein.

57. Respecting this Court's jurisdiction of all issues of all matters before it, Plaintiffs are advising the Court of the arbitration clause of the LEASE and at such time as necessary, or requested by the Court, shall comply with any reasonable Court order related to the arbitration.

## DAMAGES

58. All preceding facts and allegations are incorporated herein.

59. Pursuant to Fed.R.Civ.P. 8 and 28 U.S.C. § 1332(b), Plaintiffs request damages in an amount in excess of $75,000.00 excluding interest, cost and attorney fees.

## SPECIAL DAMAGES

60. All preceding facts and allegations are incorporated herein.

61. Pursuant to Fed.R.Civ.P. 9, Plaintiffs seek special damages for:

   a. nominal damages;

   b. lost income, lost profits;

   c. transportation expenses;

   d. repair expenses;

   e. diminution in value of the AIRCRAFT, including airframe, engines and the entire poweplants, including the propeller, due to damage history and calendar limited parts;

   f. attorney fees, and;

   g. any other item of damage characterized as a special damage.

## EXEMPLARY DAMAGES

62. Defendants CARDINAL and DAILEY'S fraud and tortuous conduct is willful, wanton and with total disregard for the rights of the Plaintiffs and others similarly situated therefore exemplary damages are sought against those Defendants.

## DEMAND FOR JURY TRIAL

63. Plaintiffs demand a trial by jury.

## RESERVATION OF RIGHT TO AMEND

64. Plaintiffs reserve the right to amend this Complaint as discovery continues.

## LIEN RIGHTS

65. MAGEE LAW asserts its attorney lien rights.

**WHEREFORE**, Plaintiffs SOUTHWEST, JET and MIDWEST, pray they be award relief as requested, damages as plead, attorney fees, cost, interest and all other relief the court deems just and proper.

Respectfully submitted by:

s/ Clifford R. Magee
Clifford R. Magee, OBA: #12757
P.O. Box 701800
Tulsa, OK 74170
(918) 747-1747 Telephone
(800) 747-4953 Facsimile
cliff@7471747.com

Attorney for Plaintiffs