IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SOUTHWEST AVIATION SPECIALISTS, L.L.C., JET CAPITAL, AND MIDWEST AIR EXPRESS, L.L.C., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, DEPARTMENT OF THE NAVY AND UNITED STATES MARINE CORPS, CARDINAL AVIATION, INC., CAROLINA CONSTRUCTION CONSULTANTS, a d/b/a of THOMAS DAILY, HCC INSURANCE HOLDINGS, INC. and U.S. SPECIALTY INSURANCE COMPANY, <br><br> Defendants. | Case No.: 10-CV-89-GKF-TLW |

## FIRST AMENDED COMPLAINT

1. Plaintiffs, Southwest Aviation Specialties, L.L.C. ("Southwest"), Jet Capital ("Jet"), and Midwest Air Express, L.L.C. ("Midwest"), bring this action to recover the loss suffered as a result of Defendants, United States of America ("United States"), Cardinal Aviation, ("Cardinal"), and U.S. Specialty Insurance Company ("U.S. Specialty") wrongful conduct. Plaintiffs suffered loss resulting from the crash of an aircraft it owned and said loss was proximately caused by the negligence of the United States and Cardinal and by breach of contract by Cardinal and U.S. Specialty.

### JURISDICTION AND VENUE

2. This court has jurisdiction pursuant to the U.S. Const. Art. 3 § 2, cl. 1 and 28 U.S.C. § 1346(b), and 28 U.S.C. § 1332.

1

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(e)(3) for members of the Plaintiffs reside in and the Plaintiffs principal places of business are located in this judicial district and there is no real property involved in the action.

## COMPLIANCE WITH RULE 15 (a)(2)
## OF THE FEDERAL RULES OF CIVIL PROCEDURE

4. Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiffs have received written consent to file an Amended Complaint from both opposing parties, the United States of America and U.S. Specialty Insurance Company, which is attached hereto as Exhibit A.

## STATEMENT OF FACTS

5. This complaint seeks recovery of damages to Aircraft specifically BeechCraft Model C90 King Air, Serial Number LJ-630, Federal Aviation Registration N21SP, ("Aircraft") resulting from an accident that occurred on April 25, 2008.

6. Plaintiffs, Southwest, Jet, and Midwest are limited liability companies owned by a common member. On April 25, 2008 Aircraft was owned by Southwest. Aircraft was subsequently purchased by Jet. Jet is the current owner of the aircraft.

7. On or about October 12, 2007, Midwest, on behalf of Southwest, leased the Aircraft to Cardinal. The lease was a "dry lease", i.e. Cardinal was solely responsible for all of Aircraft required maintenance pursuant to Federal Aviation Regulations. Cardinal was also required, pursuant to the lease, to insure the Aircraft and name lessor Southwest as additional insured. Cardinal was also required to make monthly lease payments of $12,500 to Southwest. The lease term was for one (1) year.

8. On October 29, 2007, U.S. Specialty issued a policy to Cardinal covering the Aircraft. The policy term was from October 29, 2007 to October 29, 2008.

9. On October 30, 2007, U.S. Specialty issued an Aircraft Certificate of Insurance to Southwest at its listed address of 8720 Jack Bates Avenue, Tulsa, OK 74132, as an additional insured.

10. Sometime between October 29, 2007 and April 25, 2008 U.S. Specialty cancelled the policy for non-payment of premiums by Cardinal. At no time was any notice of pending cancellation given to Southwest, as required by Oklahoma and South Carolina insurance laws, affording no opportunity for Southwest to protect its ownership interest in Aircraft. Southwest was unaware that the policy had been cancelled until after April 25, 2008.

11. On some unknown date, under non-disclosed terms, the United States Marine Corps, was operating the Aircraft on April 25, 2008 when the accident occurred.

12. On February 22, 2002 the Federal Aviation Administration issued an airworthiness directive covering several Raytheon Aircraft Company Beech Aircraft. One of the models covered by the directive was BeechCraft Model C90. The purpose of the directive was too mandate inspection of the main landing gear torque knee due to occurrences of many incidents of fatigue cracks on said parts causing accidents. The directive required mandatory inspection of landing gear torque knees within 100 hours of flight time after issuance of the directive and then every 1,000 hours of flight time thereafter. Pursuant to the directive the Aircraft could not be flown until maintenance inspections were made. Under the directive the Aircraft could only be flown outside of its inspection interval by special permit in order to comply with the directive. The directive states, "Anyone who wishes to operate any of the above airplanes (C90) must comply with this AD".

13. The National Transportation Safety Board reported the accident regarding Aircraft and found that Aircrafts last directive mandated inspection was on January 3, 2003 at which time

the Aircraft had logged 9,327.7 hours. The report further found that as of October 23, 2007 the Aircraft had logged 1,002.1 hours. The Aircraft was continuously operated from that date until the date of the crash on April 25, 2008 despite the directive not having been complied with.

14. On April 25, 2008, Aircraft, while being operated by the United States Marine Corps, crashed after landing at Baton Rouge Metropolitan Airport. The National Transportation Safety Board investigation found: "The responding Federal Aviation Administration (FAA) inspector discovered that the upper torque knee failed which resulted in a collapse of the right main gear. Examination of the upper torque knee revealed a preexisting fracture with associated coloring consistent with corrosion. Another fracture located on the same component was found to be shiny and without corrosion." The part that failed, therefore, was the same part covered by the directive.

15. As of April 25, 2008 required maintenance of Aircraft had not been performed by Cardinal as required by its contract with Midwest.

16. On April 25, 2008 since Aircraft was outside the required maintenance inspection directive its operation by the United States Marine Corps was in violation of the directive and Federal Aviation Regulations 39.7, 39.9, 43.5, 91.7, and 91.203.

17. As of April 25, 2008 Cardinal has failed to make lease payments required by the lease agreement with Midwest. Accrued unpaid lease payments are in excess of $75,000.

17. On September 16, 2008 Jet Capital filed its claim for damages against the United States of America due to the extensive damage to the Aircraft. Jet Capital could only estimate its damages at $250,000.

18. As of November 1, 2010, costs to repair Aircraft are now $377,771.68.

19. Plaintiffs claim against the United States was denied by the U.S. Navy on August 12, 2009. Plaintiffs' original complaint was filed on February 9, 2010.

## COUNT I

### (Negligence Per Se Against United States of America)

20. Plaintiff, Jet Capital, repeats and restates the allegations contained above as if fully stated herein.

21. The Defendant, United States, acting by and through United States Marine Corps, as operator of Aircraft was responsible under Civil Aviation Rules (Rule 91.3) to not operate said Aircraft outside scheduled maintenance intervals as mandated by directive. (Rule 91.7) Defendant, United States, had an affirmative duty to Plaintiff, Jet Capital, to operate its Aircraft in the manor mandated by the Federal Aviation Regulations and Defendant, therefore, breached that duty to Plaintiff, Jet Capital, by flying Aircraft when its air worthiness certificate was not in force due to the directive not having been followed. (Rule 91.7, 91.203). While responsible for Aircraft, Defendant, United States, acting by and through the United States Marine Corps, crashed the aircraft.

22. Failure to comply with Federal Aviation Regulations 21.181, 21.197, 39 et al, 43.5, 91.3, 91.7, 91.203, constitutes negligence per se.

23. Plaintiff, Jet Capital, has been injured and suffered actual damages as a proximate result of these breaches in excess of $75,000.

## COUNT II

### (Breach of Contract Against Cardinal)

24. Plaintiffs repeat and restate the allegations contained above as if fully stated herein.

25. Plaintiffs are beneficiary to the contract with Defendant Cardinal. The contract required Defendant, Cardinal, to safeguard Aircraft by maintaining Aircraft as required by Federal Aviation Regulations and manufacturers maintenance manuals.

26. As of April 25, 2008 required maintenance on Aircraft by directive had not been performed and Aircraft crashed. Mechanical cause of the crash was failure of the landing gear torque knee, this specific part covered by directive.

27. Defendant, Cardinal, breach of the maintenance requirements of the contract with Plaintiffs caused Plaintiffs to suffer loss in the amount of $508,064.96 in damages to Plaintiffs Aircraft.

## COUNT III

### (Breach of Contract Against Cardinal)

28. Plaintiffs repeat and restate the allegations contained above as if fully stated herein.

29. Plaintiffs are beneficiary to a contract with Defendant, Cardinal. The contract required Cardinal to make monthly lease payments in the amount of $12,500 with adjustments and penalties as provided in the lease.

30. Defendant breached its lease agreement by failing to make lease payments from April 25, 2008 forward.

31. Plaintiffs have been injured and suffered damages as a proximate result of Defendant, Cardinal, breach in an amount to be determined at trial.

## COUNT IV

### (Breach of Contract Against U.S. Speciality)

32. Plaintiffs repeat and restate the allegations contained above as if fully stated herein.

33. Plaintiffs are beneficiary to a contract and or agreement between Cardinal and U.S. Specialty. This agreement required Defendant, U.S. Specialty to provide indemnification to Plaintiffs in the event of damage to Plaintiffs Aircraft.

34. Defendant, U.S. Specialty, was required by O.S. Title 36 § 3639, S.C. CODE ANN. § 38-75-730 (1976) and the aircraft certificate of insurance it provided to Plaintiffs to provide Plaintiffs with notice of cancellation of policy. Defendant, U.S. Specialty, subsequently cancelled policy on Plaintiffs Aircraft but did not provide notice to Plaintiffs, therefore, not allowing Plaintiffs to take any action to protect its interest in Aircraft.

35. As proximate cause of Defendant, U.S. Specialty's breach of its contractual duty to inform Plaintiffs of cancellation of policy, Plaintiffs have been injured and suffered actual and exemplary damages in an amount to be determined at trial.

## DEMAND FOR TRIAL BY JURY

36. Plaintiffs, Jet, Southwest and Midwest, request a trial by jury on all issues deemed so triable.

WHEREFORE, Plaintiffs, Jet, Southwest and Midwest, pray that this Court award the relief requested, including damages, attorney fees, costs, interests and all other relief the Court deems justified and proper.

Respectfully submitted,

_/s/ John C. Joyce_
John C. Joyce, OBA No. 15565
The Joyce Law Firm
515 S. Main St., Ste. 300
Tulsa, OK  74103
(918) 585-2751 Telephone
(918) 582-9308 Facsimile
ATTORNEY FOR PLAINTIFFS

Cindy Taylor
___

| | |
|---|---|
| From: | Dempsey, Ashley (CIV) [Ashley.Dempsey@usdoj.gov] |
| Sent: | Tuesday, November 16, 2010 4:36 PM |
| To: | John Joyce |
| Cc: | Cindy Taylor |
| Subject: | RE: Case No. 4:10-cv-00089 (Southwest Aviation v. USA) |

Per our discussion, if headings that identify which party is being sued in each count are added to the draft complaint, then the United States consents to the filing of the amended complaint.

Thank you,

Ashley E. Dempsey
Trial Attorney
US Department of Justice, Civil Division
Torts Branch, Aviation and Admiralty Litigation
Post Office Box 14271
Washington, DC 20044-4271
Tel. 202-616-4024
Fax 202-616-4159


**From:** Cindy Taylor [mailto:Cindy.Taylor@joycefirm.com]
**Sent:** Monday, November 15, 2010 5:14 PM
**To:** Dempsey, Ashley (CIV)
**Subject:** RE: Case No. 4:10-cv-00089 (Southwest Aviation v. USA)

Ms. Dempsey,

Attached please find a draft of the first amended complaint pursuant to your discussion with Mr. Joyce earlier today.

Thank you,

Cynthia D. Taylor
Legal Administrator
**The Joyce Law Firm**
515 S. Main St., Ste. 300
Tulsa, OK  74103-4475
(918) 585-2751
(918) 582-9308 (fax)
www.joycefirm.com


This electronic message transmission (and attachments, if any) contains information from The Joyce Law Firm which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is strictly prohibited. If you have received this electronic transmission in error, please notify us immediately at (918) 585-2751 or by electronic mail (reply) and delete this message (including all copies and backups). Thank you.

Plaintiff's Exhibit
A
Page 1 of 3

1

# Cindy Taylor

**From:** Timothy A. Carney [tcarney@gablelaw.com]
**Sent:** Thursday, November 18, 2010 10:38 AM
**To:** Cindy Taylor
**Subject:** RE: Case No. 4:10-cv-00089 Southwest Aviation v. USA, et al.

We have no objection.

**From:** Cindy Taylor [mailto:Cindy.Taylor@joycefirm.com]
**Sent:** Wednesday, November 17, 2010 3:55 PM
**To:** Timothy A. Carney
**Subject:** RE: Case No. 4:10-cv-00089 Southwest Aviation v. USA, et al.

Thank you.

Cynthia D. Taylor
Legal Administrator
The Joyce Law Firm
515 S. Main St., Ste. 300
Tulsa, OK 74103-4475
(918) 585-2751
(918) 582-9308 (fax)
www.joycefirm.com

**From:** Timothy A. Carney [mailto:tcarney@gablelaw.com]
**Sent:** Wednesday, November 17, 2010 3:09 PM
**To:** Cindy Taylor
**Subject:** RE: Case No. 4:10-cv-00089 Southwest Aviation v. USA, et al.

I am awaiting word from my client and will let you know whether we object or not as soon as I hear back. Thanks.

Timothy A. Carney
GableGotwals
1100 ONEOK Plaza
100 W. 5th St.
Tulsa, OK 74103
Ph. (918) 595-4810
Fax (918) 595-4990
tcarney@gablelaw.com

**From:** Cindy Taylor [mailto:Cindy.Taylor@joycefirm.com]
**Sent:** Tuesday, November 16, 2010 3:22 PM
**To:** Timothy A. Carney
**Subject:** RE: Case No. 4:10-cv-00089 Southwest Aviation v. USA, et al.

Mr. Carney,

Attached please find a draft of the first amended complaint pursuant to your discussion with Mr. John Joyce.

Plaintiff's Exhibit
A
Page 2 of 3

1

Thank you,

Cynthia D. Taylor
Legal Administrator
**The Joyce Law Firm**
515 S. Main St., Ste. 300
Tulsa, OK  74103-4475
(918) 585-2751
(918) 582-9308 (fax)
www.joycefirm.com

This electronic message transmission (and attachments, if any) contains information from The Joyce Law Firm which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is strictly prohibited. If you have received this electronic transmission in error, please notify us immediately at (918) 585-2751 or by electronic mail (reply) and delete this message (including all copies and backups). Thank you.

Plaintiff's Exhibit
___A___
Page __3__ of __3__

2