UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SOUTHWEST AVIATION SPECIALISTS, LLC, JET CAPITAL, and MIDWEST AIR EXPRESS, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 10-CV-0089-CVE-TLW |
| UNITED STATES OF AMERICA, DEPARTMENT OF THE NAVY AND UNITED STATES MARINE CORPS, CARDINAL AVIATION, INC., CAROLINA CONSTRUCTION CONSULTANTS, a d/b/a of THOMAS DAILY,[1] HCC INSURANCE HOLDINGS, INC., and U.S. SPECIALTY INSURANCE COMPANY, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court is plaintiffs' Response to Order to Show Cause (Dkt. # 49). On October 20, 2011, the Court ordered plaintiffs' to show cause why their claims against Cardinal Aviation, Inc. (Cardinal) and Carolina Construction Consultants, a d/b/a of Thomas Dailey (Carolina Construction), should not be dismissed under Fed. R. Civ. P. 4(m). Dkt. # 47, at 8.

On February 9, 2010, plaintiffs filed this case alleging claims of negligence, breach or contract, and fraud against Cardinal, Carolina Construction, and other defendants. Plaintiffs requested an extension of time to serve defendants and their deadline to serve defendants was

---

[1] Plaintiffs have named this defendant as "Thomas Daily" in the case caption, but the evidence attached to the motions for summary judgment shows that this defendant's name is actually "Thomas Dailey." Dkt. # 35-5, at 8. The Court will refer to this defendant as "Thomas Dailey" in this Opinion and Order.

extended to July 22, 2010. See Dkt. ## 6, 7. Plaintiffs requested a second extension of time to serve defendants and the deadline to serve defendants was extended to September 2, 2010. However, plaintiffs did not serve Cardinal or Carolina Construction before the September 2, 2010 deadline expired and they did not request additional time to serve these defendants.

Plaintiffs filed an amended complaint (Dkt. # 22) alleging breach of contract claims against Cardinal, but no claims against Carolina Construction were alleged.[2] The joint status report clarifies that plaintiffs intended to dismiss their claims against Carolina Construction and/or Thomas Dailey. Dkt. # 28, at 1. Plaintiffs dismissed with prejudice their claims against HCC Insurance Holdings, Inc. and U.S. Specialty Insurance Company (Dkt. # 46). The federal defendants, the United States of America and the Department of the Navy and United States Marine Corp, filed a motion for summary judgment, and the Court granted the motion. Dkt. # 47. In the opinion and order granting the motion for summary judgment, the Court directed plaintiffs to show cause why their claims against Cardinal should not be dismissed due to plaintiffs' failure to serve this defendant. Plaintiffs claim that Cardinal has avoided service, and they request an extension of time to serve Cardinal. Dkt. # 49.

The Court finds that plaintiffs have already dismissed any claims against Carolina Construction due to plaintiffs' failure to assert claims against this defendant in the amended complaint. An amended complaint "supersedes the original and renders if of no legal effect." Davis v. TXO Prod. Co., 929 F.2d 1515, 1517 (10th Cir. 1991). By failing to assert a claim against

---

[2] The Court notes that Carolina Construction is listed as a defendant in the case caption, but neither Carolina Construction nor Thomas Dailey is not mentioned in the body of the amended complaint. See Dkt. # 22. Thus, plaintiffs dropped Carolina Construction, a d/b/a of Thomas Dailey, as a party and there are no pending claims against this Carolina Construction or Thomas Dailey.

Carolina Construction in the amended complaint, plaintiffs dismissed their claims against Carolina Construction and Carolina Construction should have been dismissed as a party at that time. To the extent that Thomas Dailey was identified as a party on the docket sheet, he should also have been dismissed as a party. Thus, the Court will consider only whether plaintiffs have shown good cause for an extension of time to serve Cardinal.

The Federal Rules of Civil Procedure require a plaintiff to serve each defendant within 120 days of filing the complaint, or the Court must dismiss the plaintiff's claim against any defendant who has not been served or permit the plaintiff to serve the defendant within a specified time. Fed. R. Civ. P. 4(m). If the plaintiff can show "good cause" for failing to serve the defendant within 120 days, the court shall allow the plaintiff additional time to effect service. The Tenth Circuit has created a two-step analysis to assist district courts when considering whether to grant a plaintiff's request for additional time:

> The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service. In this regard, district courts should continue to follow the cases in this circuit that have guided that inquiry. If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.

Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995). Excuses for failing to serve a party, such as inadvertence, omission, or neglect, do not constitute good cause. In re Kirkland, 86 F.3d 172, 175 (10th Cir. 1996); Cox v. Sandia Corp., 941 F.2d 1124, 1125-26 (10th Cir. 1991). A court must consider a plaintiff's argument as to the existence of good cause and make specific findings on those arguments or the court's decision to deny additional time to effect service is "merely abuse

of discretion and inconsistent with the spirit of the Federal Rules." ARW Exploration Corp. v. Aguirre, 45 F.3d 1455, 1459 (10th Cir. 1995).

The Court finds that plaintiffs have not shown good cause for their failure to serve Cardinal in a timely manner. Plaintiffs requested and received two extensions of time to serve defendant, and their response to the Court's order to show cause does not demonstrate that plaintiffs made a diligent effort to serve Cardinal before the twice-extended deadline expired over a year ago. Plaintiffs state that they have "plausible" information concerning the current location of Thomas Dailey, but plaintiffs fail to disclose what information they possess or whether it is likely they will be able to serve Cardinal. Dkt. # 49, at 3. Even if Cardinal has evaded service, this does not provide good cause for the Court to indefinitely leave this case pending after the claims against all other defendants have been fully resolved. Thus, plaintiff is not entitled to a mandatory extension of time to serve Cardinal under Rule 4(m). The Court has also considered whether it should exercise its discretion to grant plaintiffs additional time to serve Cardinal. However, this case has been pending since February 2010 and plaintiffs have not served Cardinal. As permitted by Espinoza, the Court will exercise its discretion to dismiss plaintiffs' claims against Cardinal without prejudice to refiling.

**IT IS THEREFORE ORDERED** that plaintiffs' claims against Cardinal Aviation, Inc. are **dismissed without prejudice**. A separate judgment is entered herewith.

**IT IS FURTHER ORDERED** that the Court Clerk shall correct the docket sheet to show that Carolina Construction, a d/b/a of Thomas Dailey, and Thomas Dailey were terminated as parties on November 18, 2010.

**DATED** this 9th day of November, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT