# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SOUTHWEST AVIATION SPECIALISTS, LLC, JET CAPITAL, and MIDWEST AIR EXPRESS, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 10-CV-0089-CVE-TLW |
| UNITED STATES OF AMERICA, DEPARTMENT OF THE NAVY AND UNITED STATES MARINE CORPS, CARDINAL AVIATION, INC., CAROLINA CONSTRUCTION CONSULTANTS, a d/b/a of THOMAS DAILY, HCC INSURANCE HOLDINGS, INC., and U.S. SPECIALTY INSURANCE COMPANY, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court is the Motion for New Trial on Behalf of Plaintiff Jet Capital with Incorporated Brief (Dkt. # 61). Plaintiff Jet Capital (Jet Capital) asks the Court to reconsider its opinion and order (Dkt. # 47) granting defendants United States of America and Department of the Navy and United States Marine Corps's (collectively referred to as the United States) motion for summary judgment, and it asserts that the Court's unfamiliarity with Louisiana law resulted in clear error or manifest injustice. Dkt. # 63, at 2. The United States responds that Jet Capital failed to raise the arguments asserted in its post-judgment motion in its response to the United States' motion for summary judgment, and that the Court should decline to consider arguments that were previously available but not asserted. Dkt. # 62, at 3-4.

Jet Capital owns a Beechcraft C90 King aircraft, Federal Aviation Administration (FAA) registration number N21SP (the Aircraft).[1] The Aircraft was leased to Cardinal Aviation, Inc. (Cardinal) and, in the lease agreement, Cardinal assumed the duty to maintain the Aircraft in compliance with FAA regulations. Cardinal represented that it was owned by Thomas Dailey, and it took possession of the Aircraft in October 2007. Dailey, doing business as Carolina Construction Consultants (Carolina), agreed to rent the Aircraft or an acceptable equivalent to the United States at an hourly rate. On April 25, 2008, the Aircraft left the Baton Rouge Metropolitan Airport under the control of a United States Marine Corps pilot and landed about an hour later. During the landing, the Aircraft was damaged when the torque knee of the right main landing gear failed. In 2002, the FAA had issued Airworthiness Directive 2002-01-10 that requires an inspection of the main landing gear torque knees for fatigue cracks every 1,000 hours time in service if no cracks were found during an initial inspection.

Jet Capital and other plaintiffs filed this lawsuit to recover money damages for harm to the Aircraft. In an amended complaint, Jet Capital alleged a claim of negligence per se under the Federal Tort Claims Act, 28 U.S.C. § 1346 (FTCA), against the United States, and the sole basis for the claim was that the United States operated the Aircraft in violation of Airworthiness Directive 2002-01-10 and other federal regulations. Dkt. # 22, at 5. No other claims were asserted against the United States. The United States filed a motion for summary judgment (Dkt. # 35) on the ground that Louisiana law does not recognize a claim for negligence per se, and that Jet Capital could not prevail on a FTCA claim without showing that the relevant state law created a duty in tort. In its

---

[1] The facts recited in this Opinion and Order are the undisputed facts established by the summary judgment record and are taken from the Court's ruling on the United States' motion for summary judgment. Dkt. # 47, at 2-4.

response, Jet Capital acknowledged that "no duty under Louisiana law exists," but it argued that federal regulations could be used to create a tort duty under Louisiana law. Dkt. # 38, at 3. Jet Capital did not argue that the United States could be held liable under general negligence or fault principles under Louisiana law.

The Court granted the United States' motion for summary judgment, and found that Louisiana courts did not recognize a claim for negligence per se. Dkt. # 47, at 6. The Court also stated:

> Plaintiff's amended complaint does not allege a general negligence claim or assert that the United States breached a duty created by Louisiana law. Instead, the amended complaint clearly alleges that the basis for the government's liability is the alleged violation of FAA regulations.

Id. The Court considered Jet Capital's argument that Louisiana statutes allowed for reference to federal law or regulations to create a tort duty, but found no legal support for Jet Capital's argument. Id. at 7. Plaintiffs had not served defendants Cardinal or Carolina, and the Court ordered plaintiffs to show cause why their claims against these parties should not be dismissed under Fed. R. Civ. P. 4(m). Id. at 8. Plaintiffs responded to the Court's order, but the Court found that they had not established good cause for their failure to serve these defendants. Dkt. # 53. A final judgment was entered on November 9, 2011. Dkt. # 54.

Jet Capital filed a timely motion under Fed. R. Civ. P. 59(e), asking the Court to reconsider its opinion and order granting the United States' motion for summary judgment. Dkt. # 61. Jet Capital argues that the Court improperly relied on the label of "negligence per se" used in the amended complaint, because Louisiana law makes no distinction between negligence and negligence per se. Instead, Jet Capital now argues that the Court should have applied a "duty/risk analysis" using general negligence principles. Id. at 2-3, 8. Jet Capital also argues that federal laws or

3

regulations may form the basis for a tort duty under Louisiana law, and the Court erred when it concluded that FAA regulations did not give rise to a tort duty in this case. The United States responds that Jet Capital is attempting to assert arguments that should have been raised in response to the motion for summary judgment, and that Jet Capital is barred from raising new arguments in a post-judgment motion. Dkt. # 62, at 3. It also argues that Jet Capital conceded that no duty under Louisiana law existed and it may not "side-step the issues presented in the Summary Judgment Motion and take a 'second bit at the apple.'" Id. at 4.

Under Rule 59(e), a party may ask a district court to reconsider a summary judgment ruling when the district court has "misapprehended the facts, a party's position, or the controlling law." Barber ex rel. Barber v. Colo. Dep't of Revenue, 562 F.3d 1222, 1228 (10th Cir. 2009). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Reconsideration is "not available to allow a party to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." FDIC v. United Pac. Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)). "A Rule 59(e) motion to reconsider is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple." Syntroleum Corp. v. Fletcher Int'l, Ltd., 2009 WL 761322 (N.D. Okla. Mar. 19, 2009).

Jet Capital claims that there is a need to correct clear error or manifest injustice, because the Court was unfamiliar with Louisiana law and the Court "should be afforded the opportunity to

correct its error with the assistance of and in the light of more adequate briefing." Dkt. # 63, at 2. However, Jet Capital's motion for a new trial attempts to assert new arguments that should been raised in response to the motion for summary judgment, and it ignores its own concession that Lousiana law does not create a tort duty against the United States under the facts of this case. The Court considered the arguments presented in Jet Capital's response to the motion for summary judgment, and found that Jet Capital had not established that either Louisiana law or the FTCA recognized a tort claim based solely on an alleged violation of federal regulations. Dkt. # 47, at 5-7. The Court did not misapprehend the parties' arguments or Louisiana law, and Jet Capital does not cite any authority suggesting that the Court incorrectly decided the issues presented in the motion for summary judgment. Instead, Jet Capital raises new arguments and cites new authority in an attempt to assert a general negligence claim that was not alleged in the amended complaint. See Dkt. # 22. This is clearly not the purpose of a Rule 59 motion.

Even if the Court were to consider Jet Capital's new arguments, it has still not shown that the United States breached a tort duty to Jet Capital, and there is no basis to vacate the entry of judgment if favor of the United States. Jet Capital claims that a lessee has a duty to return a leased item in the same condition in which it was delivered to the lessee. Dkt. # 61, at 9. This argument fails for two reasons. First, the case cited by Jet Capital applies Louisiana contract law, and does not discuss the imposition of a tort duty on a lessee. Phoenix Assocs. Land Syndicate, Inc. v. E.H. Mitchell & Co., LLC, 970 So. 2d 605, 614-15 (La. Ct. App. 2007). Jet Capital did not assert a breach of contract claim against the United States, and the cited case is inapplicable. Second, there was no contract between Jet Capital and the United States, because the United States rented the Aircraft from Carolina, rather than from Jet Capital, and there was no contractual relationship

5

between the parties. Dkt. # 47, at 2. Jet Capital argues that an FTCA claim may be premised on a violation of federal statute or regulation when the applicable state law allows for consideration of federal law as the source of a state tort duty. Dkt. # 61, at 6-7 (citing St. Tammany Parish ex rel. Davis v. Federal Emergency Management Agency, 556 F.3d 307, 317 (5th Cir. 2009)). However, Jet Capital does not cite a single Louisiana case in which a Louisiana court actually found that a federal statute or regulation created a duty under state law. Jet Capital's proposed negligence claim still rests on Airworthiness Directive 2002-01-10 and other FAA regulations as the source of a tort duty, and it has not shown that the pilot violated a tort duty under Louisiana law merely by operating the Aircraft before ensuring compliance with all applicable FAA regulations and Airworthiness Directives. See Dkt. # 61, at 8-9 (Jet Capital argument that it was negligent to fly the Aircraft if compliance with Airworthiness Directive 2002-01-10 and other regulations could not be verified before takeoff). The Court finds no basis to reconsider its opinion and order (Dkt. # 47) granting the United States' motion for summary judgment, and Jet Capital's Rule 59 motion should be denied.

**IT IS THEREFORE ORDERED** that the Motion for New Trial on Behalf of Plaintiff Jet Capital with Incorporated Brief (Dkt. # 61) is **denied**.

**DATED** this 19th day of January, 2012.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT